LoeiNG, J.,
concurring:
I think the act of Congress of March 3,1857, made the Postmaster General an arbitrator. The second section of the act authorizes him to assess damages for the suspension of a contract. This is the function of an arbitrator, and is not the function of a mere accountant. And it is not inconsistent with the office of an arbitrator that, in connection with his proper duties, he should state an account upon term's prescribed, relating to the same subject-matter. There is, therefore, no reason for supposing that the Postmaster General was to be an arbitrator under one section of the act and an accountant under the others, so that litigation should be closed as to one subject of the act and left open as to the other subjects of it. And in this connection it is observable that all the sums allowed are all alike directed to be paid out of the treasury on his allowance of them.
And I think that the Postmaster General in his action on the subjects of the first section applied the rule given by the act. The subjects of the first section are two contracts with different rates of com *150 pensation, and tbe allowance is to be made for extra services and is required to be a fro rata compensation, and necessarily at a different rate on eacb contract, This is express, and the terms of the first section must be carried out, unless overruled expressly or by necessary implication in the third section. And I think they are not.
The sum of $30,000 specified in the third section is declared to be “in lieu of the contract pay on both contracts,” and relates to what it is substituted for, and that is the pay for contract services as distinguished from extras. So that the first and third sections relate to different things. Then the $30,000 is a gross sum for both contracts, and there is no rule or authority for dividing it equally or otherwise apportioning it between them, so as to ascertain the different compensation on each and a fro rata allowance on them. And the terms of both sections may be carried out by allowing the $30,000 as the price for contract services for the time specified in the third section, and a fro rata compensation at the different rates of the original contracts for the extras specified in the first section. And this the Postmaster-General did.